**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

AT&T CORP.,

    Plaintiff,

v.

Case No. 06-14385
Hon. Gerald E. Rosen

MICHIGAN INTERNET
ASSOCIATION, LTD.,

    Defendant.

_____/

**ORDER DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    April 16, 2008

    PRESENT:    Honorable Gerald E. Rosen
                          United States District Judge

    Plaintiff AT&T Corp. commenced this action in this Court on October 5, 2006, alleging in its complaint that Defendant Michigan Internet Association, Ltd. has failed to pay $198,407.83 in service and other charges for telecommunications services provided to Defendant by Plaintiff and its predecessors-in-interest dating back to 1997. Based on these allegations, Plaintiff has asserted state-law claims of breach of contract and quantum meruit/unjust enrichment. The Court's subject matter jurisdiction rests upon the parties' diverse citizenship. See 28 U.S.C. § 1332(a).

    Through the present motion, Defendant now seeks partial summary judgment in its

favor on Plaintiff's claim of quantum meruit, arguing that this claim cannot go forward in light of an express contract between the parties. In response, Plaintiff contends that the contract produced in support of Defendant's motion addresses only a small portion of the parties' overall relationship, and does not govern the telecommunications services for which Plaintiff seeks to recover in this case. Because Defendant has denied that any written contracts govern this remaining portion of the parties' relationship, Plaintiff asserts that its claim of quantum meruit remains viable. As discussed briefly below, the Court readily concludes that Plaintiff has the better of the argument on this point.

Defendant's motion rests on the principle, as recognized by the Michigan courts, that an implied contract or unjust enrichment claim can succeed "only if there is no express contract [between the parties] covering the same subject matter." Barber v. SMH (US), Inc., 202 Mich. App. 366, 509 N.W.2d 791, 796 (1993); see also Keywell & Rosenfeld v. Bithell, 254 Mich. App. 300, 657 N.W.2d 759, 776 (2002). Defendant then points to a "Master Equipment Agreement" executed by Defendant and Plaintiff's predecessor-in-interest, TCG/Detroit, in March of 1997. (See Defendant's Motion, Ex. A.) Because this contract includes an integration clause stating that "[a]ll prior agreements and understandings of the parties are merged within this Agreement, which alone fully and completely sets forth the understanding of the parties," (id. at 3), Defendant contends that any claim of quantum meruit or unjust enrichment cannot survive in the face of this written agreement.

This argument, however, overlooks an important limit to the above-cited principle

2

of Michigan law — namely, that claims of unjust enrichment or quantum meruit are foreclosed only to the extent that the parties have entered in to an express agreement *covering the same subject matter.* Simply stated, Defendant has failed to produce any evidence that the "Master Equipment Agreement" accompanying its motion addresses the telecommunications services that are the subject of Plaintiff's claims in this case. To the contrary, this agreement, on its face, granted permission for Defendant to place certain equipment in a portion of a Southfield, Michigan office leased by Plaintiff's predecessor-in-interest, TCG/Detroit, in exchange for which Defendant agreed to pay TCG/Detroit the sum of $750.00 per month. Nothing in this agreement purports to govern the telecommunications services which, according to the complaint, Plaintiff and its predecessors-in-interest have provided to Defendant dating back to December of 1997, and for which Defendant allegedly owes $198.407.83.[1]

To confirm that issues of fact remain, to say the least, as to whether the agreement produced by Defendant covers the subject matter giving rise to the parties' dispute in this case, one need only consider Plaintiff's complaint and accompanying exhibits. The complaint alleges that at least some of the telecommunications services at issue were provided pursuant to a number of order forms and service contracts, which are attached to

---

[1]Notably, even if Defendant had failed to make a single payment to Plaintiff under the Master Equipment Agreement, and even if this agreement had remained in effect for the entire 11-year period from March of 1997 to the present, the total amount owed by Defendant would be $99,000, considerably less than the amount allegedly owed by Defendant under the complaint. It also is worth noting that the integration clause in the Master Equipment Agreement does not purport to supersede any agreements entered into by the parties *after* the execution of this agreement in March of 1997.

the complaint as exhibits.  Plainly, then, Plaintiff is alleging that these materials constitute the written contracts upon which its breach of contract claim is based, at least in part.  Nothing in Defendant's motion or its sole accompanying exhibit, the Master Equipment Agreement, establishes as a matter of law that the materials accompanying Plaintiff's complaint do not govern the telecommunications services provided by Plaintiff, and that the Master Equipment Agreement instead was intended by the parties to set forth their obligations with respect to these services.

It also is clear that issues of fact remain as to Plaintiff's ability to recover under a theory of quantum meruit or unjust enrichment.  While Plaintiff alleges in its complaint that telecommunications services were provided to Defendant pursuant to a number of written forms and documents that qualify as contracts, Defendant flatly denies in its present motion that it entered into "any subsequent written agreements with AT&T or its predecessors" following its execution of the Master Equipment Agreement in March of 1997, apart from "signing some order forms" that Defendant evidently believes have no contractual force.  (Defendant's Motion, Br. in Support at 3.)  To the extent that Plaintiff provided telecommunications services to Defendant over the years but cannot establish that these services were governed by written or oral agreements, it may seek to recover for these services under the quantum meruit/unjust enrichment theory advanced in its complaint.  Moreover, it may continue to pursue this and its breach of contract theory in the alternative, so long as questions of fact remain as to whether all of the services provided by Plaintiff were covered under a contract.  Such questions of fact clearly

remain in dispute under the present record.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's November 2, 2007 motion for summary judgment is DENIED.

                                                  s/Gerald E. Rosen
                                                  United States District Judge

Dated: April 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 16, 2008, by electronic and/or ordinary mail.

                                                    s/LaShawn R. Saulsberry
                                                  Case Manager